IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| JIMMY D. SETTLE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No. 13-cv-2308 JTM/GLR |
| v. | ) | |
| | ) | |
| MIDLAND FUNDING LLC, | ) | |
| MIDLAND CREDIT MANAGEMENT, INC., | ) | |
| RAY SANCHES, | ) | |
| RACHEL DOE, | ) | |
| SIMON WINTERS, | ) | |
| STEVE MEADOWS, | ) | |
| KEVIN DOE, | ) | |
| MARK DOE, | ) | |
| and | ) | |
| CAROL DOE, | ) | |
| | ) | |
| Defendants. | ) | |

## NOTICE OF REMOVAL

PLEASE TAKE NOTICE that, pursuant to 28 U.S.C. §§ 1331, 1441, and 1446, Defendants Midland Funding LLC, Midland Credit Management, Inc., Ray Sanches, Rachel Doe, Simon Winters, Steve Meadows, Kevin Die, Mark Doe, and Carol Doe ("Defendants") hereby remove this civil action from the Limited Actions Division of the District Court of Wyandotte County, Kansas, entitled *Jimmy D. Settle v. Midland Funding LLC, et al.*, Case No. 13LM3391 (the "State Court Action"), to the United States District Court for the District of Kansas. In support of this removal, Defendant states as follows:

1. Plaintiff Jimmy D. Settle ("Plaintiff") filed his Petition in the State Court Action on or about May 31, 2013, purporting to assert a claim against Defendants for violation of the federal Fair Debt Collection Practices Act ("FDCPA").

2.      Plaintiff's FDCPA claim against Defendants presents a federal question within this Court's original jurisdiction under 28 U.S.C. § 1331, and the Petition is therefore removable to this Court under 28 U.S.C. § 1441.

3.      Plaintiff served Defendants via certified mail, on or about June 4, 2013. Defendants had no actual or constructive knowledge of the lawsuit before service.

4.      This Notice of Removal is filed within thirty (30) days after Defendants were served with a copy of Plaintiff's Petition setting forth the claims upon which this removal is based.   Defendants have not filed any responsive pleadings in the State Court Action prior to filing this Notice of Removal.

5.      Removal is therefore proper under 28 U.S.C. §§ 1331, 1441, and 1446.

6.      In accordance with 28 U.S.C. § 1446(d), Defendants will provide written notice hereof to Plaintiff, and will file a copy of the Notice of Removal with the Clerk of the District Court of Wyandotte County, Kansas.

7.      Defendants have, contemporaneously with the filing of this Notice of Removal, submitted copies of all process, pleadings, and orders served upon Defendants in the State Court Action, attached hereto as "**Exhibit A**."

8.      Defendants attach this Court's Civil Cover Sheet hereto as "**Exhibit B**."

9.      No admission of fact, law or liability is intended by this Notice of Removal, and all defenses, affirmative defenses and motions are hereby reserved.

WHEREFORE, Defendants Midland Funding LLC, Midland Credit Management, Inc., Ray Sanches, Rachel Doe, Simon Winters, Steve Meadows, Kevin Die, Mark Doe, and Carol Doe respectfully remove this action to this Court for further proceedings according to law.

## DESIGNATION OF PLACE OF TRIAL

Defendants request Kansas City, Kansas as the place of trial.


Respectfully Submitted,


By:    /s/ Daniel R. Luppino
               Thomas M. Martin   KS# 13620
               Daniel R. Luppino   KS #25354
               1010 Walnut, Suite 500
               Kansas City, Missouri 64106
               (816) 421-2500 (telephone)
               (816) 472-2500 (facsimile)
               tmmartin@lrf-kc.com
               drluppino@lrf-kc.com
               7015 College Blvd., Suite 135
               Overland Park, Kansas 66211

ATTORNEYS FOR DEFENDANTS


## CERTIFICATE OF SERVICE

I certify that on this 24th day of June, 2013, I electronically filed the foregoing Notice of Removal with the Clerk of the Court using the CM/ECF system, and I hereby certify that I have mailed the document by first class mail, postage prepaid, to the following:

Jimmy D. Settle
3125 West 44th Terr.
Kansas City, KS 66103
PLAINTIFF


               /s/  Daniel R. Luppino
               Attorney for Defendant

IN THE DISTRICT COURT OF WYANDOTTE COUNTY, KANSAS

JIMMY D. SETTLE
3125 WEST 44TH TERR
KANSAS CITY KANSAS 66103

VS

Midland Funding L.L.C.
% registered agent C.S.C
2704 Centerville Road # 400
Wilmington DE. 19808

CASE NO 13Lm3391
DIV NO 12
DATE 7/1/13 @9AM

## SUMMONS

STATE OF KANSAS WYANDOTTE COUNTY

YOU ARE HEREBY NOTIFIED THAT THE ACTION COMMENCED AGAINST YOU WILL BE ON THE COURT DOCKET AT 9:00 AM ON WEDNESDAY, July 1st 2013 IN THE WYANDOTTE COUNTY DISTRICT COURT KANSAS CITY KANSAS 66201 DIVISION------------COURT HOUSE BASEMENT

SHOULD YOU EITHER FAIL TO APPEAR BEFORE THIS COURT PERSONALLY OR BY COUNSEL, AT SUCH TIME, OR PRIOR TO SUCH TIME, FILE WITH THIS COURT PLEADINGS IN RESPONSE TO THIS PETITION, WHICH IS HERE WITH SERVED UPON YOU, JUDGMENT BY DEFAULT WILL BE TAKEN AGAINST YOU FOR THE RELIEF DEMANDED IN THE PETITION, ANY PLEADINGS FILED WITH THIS COURT MUST ALSO BE SERVED ON THE PLAINTIFF OR THE PLAINTIFFS ATTORNEY, WHO'S NAME AND ADDRESS APPEAR BELOW, PRIOR TO THE ABOVE TIME, AND YOUR RESPONSIVE PLEADINGS MAY STATE AS A COUNTERCLAIM ANY RELATED CLAIM YOU MAY HAVE AGAINST THE PLAINTIFF

PRO SE LITIGANT
Jimmy D. SETTLE
3125 WEST 44TH TERR
KANSAS CITY KANSA 66103
913 384 1266  stiffer9999@hotmail.com

REASONABLE ACCOMMODATIONS WILL BE
PROVIDED IN ACCORDANCE WITH THE
AMERICANS WITH DISABILITIES ACT

CLERK DISTRICT COURT OF WYANDOTTE COUNTY, KANSAS

DEPUTY CLERK          5/31/13

## RETURN OF SERVICE OF SUMMONS

I CERTIFY UNDER THE PENALTY OF PERJURY THAT THIS SUMMONS WAS SERVED on June    2013 BY CERTIFIED MAIL RETURN RECEIPT REQUESTED ON REGISTERED AGENT CSC Centerville Road # 400 Wilmington DE 19808

SPECIAL PROCESS SERVICE

------------------------------------
BOB J SETTLE



EXHIBIT

A

IN THE DISTRICT COURT OF WYANDOTTE COUNTY, KANSAS

JIMMY D. SETTLE
3125 WEST 44TH TERR
KANSAS CITY KANSAS 66103

VS

Midland Credit Management Inc:
% registered agent C.S.C
2900 S.W. Wanamaker DR #204
Topeka Kansas 66614

CASE NO 13Lm3391
DIV NO 12
DATE 7/1/13@9Am



## SUMMONS

STATE OF KANSAS WYANDOTTE COUNTY

   YOU ARE HEREBY NOTIFIED THAT THE ACTION COMMENCED AGAINST YOU WILL BE ON THE COURT DOCKET AT 9:00 AM ON WEDNESDAY, July 1st 2013 IN THE WYANDOTTE COUNTY DISTRICT COURT KANSAS CITY KANSAS 66201 DIVISION------------COURT HOUSE BASEMENT

   SHOULD YOU EITHER FAIL TO APPEAR BEFORE THIS COURT PERSONALLY OR BY COUNSEL, AT SUCH TIME, OR PRIOR TO SUCH TIME, FILE WITH THIS COURT PLEADINGS IN RESPONSE TO THIS PETITION, WHICH IS HERE WITH SERVED UPON YOU, JUDGMENT BY DEFAULT WILL BE TAKEN AGAINST YOU FOR THE RELIEF DEMANDED IN THE PETITION. ANY PLEADINGS FILED WITH THIS COURT MUST ALSO BE SERVED ON THE PLAINTIFF OR THE PLAINTIFFS ATTORNEY, WHO'S NAME AND ADDRESS APPEAR BELOW, PRIOR TO THE ABOVE TIME, AND YOUR RESPONSIVE PLEADINGS MAY STATE AS A COUNTERCLAIM ANY RELATED CLAIM YOU MAY HAVE AGAINST THE PLAINTIFF

PRO SE LITIGANT
Jimmy D. SETTLE
3125 WEST 44TH TERR
KANSAS CITY KANSA 66103
913 384 1266   stiffer9999@hotmail.com

REASONABLE ACCOMMODATIONS WILL BE PROVIDED IN ACCORDANCE WITH THE AMERICANS WITH DISABILITIES ACT

CLERK OF THE DISTRICT COURT OF WYANDOTTE COUNTY, KANSAS
BY
DEPUTY CLERK   5/34/13

## RETURN OF SERVICE OF SUMMONS

I CERTIFY UNDER THE PENALTY OF PERJURY THAT THIS SUMMONS WAS SERVED on June      2013  BY CERTIFIED MAIL RETURN RECEIPT REQUESTED ON CSC 2900 SW Wanamaker Dr, Topeka Ks 66614

SPECIAL PROCESS SERVICE

-------------------------------------
   BOB J SETTLE

IN THE DISTRICT COURT OF WYANDOTTE COUNTY, KANSAS

JIMMY D. SETTLE
3125 WEST 44TH TERR
KANSAS CITY KANSAS 66103

VS

RAY SANCHES
8875 AERO DRIVE # 200
San Diego Ca 92123

CASE NO 13LM3391
DIV NO 12
DATE 7/1/13@9AM

## SUMMONS

STATE OF KANSAS WYANDOTTE COUNTY

YOU ARE HEREBY NOTIFIED THAT THE ACTION COMMENCED AGAINST YOU WILL BE ON THE COURT DOCKET AT 9:00 AM ON WEDNESDAY, July 1st 2013 IN THE WYANDOTTE COUNTY DISTRICT COURT KANSAS CITY KANSAS 66201 DIVISION-------------COURT HOUSE BASEMENT

SHOULD YOU EITHER FAIL TO APPEAR BEFORE THIS COURT PERSONALLY OR BY COUNSEL, AT SUCH TIME, OR PRIOR TO SUCH TIME, FILE WITH THIS COURT PLEADINGS IN RESPONSE TO THIS PETITION, WHICH IS HERE WITH SERVED UPON YOU, JUDGMENT BY DEFAULT WILL BE TAKEN AGAINST YOU FOR THE RELIEF DEMANDED IN THE PETITION, ANY PLEADINGS FILED WITH THIS COURT MUST ALSO BE SERVED ON THE PLAINTIFF OR THE PLAINTIFFS ATTORNEY, WHO'S NAME AND ADDRESS APPEAR BELOW, PRIOR TO THE ABOVE TIME, AND YOUR RESPONSIVE PLEADINGS MAY STATE AS A COUNTERCLAIM ANY RELATED CLAIM YOU MAY HAVE AGAINST THE PLAINTIFF

PRO SE LITIGANT
Jimmy D. SETTLE
3125 WEST 44TH TERR
KANSAS CITY KANSA 66103
913 384 1266   stiffer9999@hotmail.com



REASONABLE ACCOMMODATIONS WILL BE PROVIDED IN ACCORDANCE WITH THE AMERICANS WITH DISABILITIES ACT

CLERK OF THE DISTRICT COURT OF WYANDOTTE COUNTY, KANSAS

BY DEPUTY CLERK          5/31/13

## RETURN OF SERVICE OF SUMMONS

I CERTIFY UNDER THE PENALTY OF PERJURY THAT THIS SUMMONS WAS SERVED on June    2013 BY CERTIFIED MAIL RETURN RECEIPT REQUESTED ON RAY SANCHES, 8875 AERO DRIVE # 200 SAN DIEGO CA 92123

SPECIAL PROCESS SERVICE

-------------------------------------
    BOB J SETTLE

IN THE DISTRICT COURT OF WYANDOTTE COUNTY, KANSAS

JIMMY D. SETTLE
3125 WEST 44TH TERR
KANSAS CITY KANSAS 66103

VS

RACHEL DOE
8875 AERO DRIVE # 200
San Diego Ca 92123

CASE NO 3Lm 339)
DIV NO 1 2
DATE 7/1/13 @ 9AM

## SUMMONS

STATE OF KANSAS WYANDOTTE COUNTY

YOU ARE HEREBY NOTIFIED THAT THE ACTION COMMENCED AGAINST YOU WILL BE ON THE COURT DOCKET AT 9:00 AM ON WEDNESDAY, July 1st 2013 IN THE WYANDOTTE COUNTY DISTRICT COURT KANSAS CITY KANSAS 66201 DIVISION-------------COURT HOUSE BASEMENT

SHOULD YOU EITHER FAIL TO APPEAR BEFORE THIS COURT PERSONALLY OR BY COUNSEL, AT SUCH TIME, OR PRIOR TO SUCH TIME, FILE WITH THIS COURT PLEADINGS IN RESPONSE TO THIS PETITION, WHICH IS HERE WITH SERVED UPON YOU. JUDGMENT BY DEFAULT WILL BE TAKEN AGAINST YOU FOR THE RELIEF DEMANDED IN THE PETITION. ANY PLEADINGS FILED WITH THIS COURT MUST ALSO BE SERVED ON THE PLAINTIFF OR THE PLAINTIFFS ATTORNEY, WHO'S NAME AND ADDRESS APPEAR BELOW, PRIOR TO THE ABOVE TIME, AND YOUR RESPONSIVE PLEADINGS MAY STATE AS A COUNTERCLAIM ANY RELATED CLAIM YOU MAY HAVE AGAINST THE PLAINTIFF

PRO SE LITIGANT
Jimmy D. SETTLE
3125 WEST 44TH TERR
KANSAS CITY KANSA 66103
913 384 1266  stiffer9999@hotmail.com

REASONABLE ACCOMMODATIONS WILL BE
PROVIDED IN ACCORDANCE WITH THE
AMERICANS WITH DISABILITIES ACT

CLERK OF THE DISTRICT COURT OF WYANDOTTE COUNTY, KANSAS

BY
DEPUTY CLERK          5/31/13

## RETURN OF SERVICE OF SUMMONS

I CERTIFY UNDER THE PENALTY OF PERJURY THAT THIS SUMMONS WAS SERVED on June    2013 BY CERTIFIED MAIL RETURN RECEIPT REQUESTED ON RACHEL DOE, 8875 AERO DRIVE # 200 SAN DIEGO CA 92123

SPECIAL PROCESS SERVICE

-------------------------------------
   BOB J SETTLE

IN THE DISTRICT COURT OF WYANDOTTE COUNTY, KANSAS

JIMMY D. SETTLE
3125 WEST 44TH TERR
KANSAS CITY KANSAS 66103

VS

SIMON WINTERS
8875 AERO DRIVE # 200
San Diego Ca 92123

CASE NO 13LM 3391
DIV NO 12
DATE 7/1/13@9AM

## SUMMONS

STATE OF KANSAS WYANDOTTE COUNTY

YOU ARE HEREBY NOTIFIED THAT THE ACTION COMMENCED AGAINST YOU WILL BE ON THE COURT DOCKET AT 9:00 AM ON WEDNESDAY, July 1st 2013 IN THE WYANDOTTE COUNTY DISTRICT COURT KANSAS CITY KANSAS 66201 DIVISION------------COURT HOUSE BASEMENT

SHOULD YOU EITHER FAIL TO APPEAR BEFORE THIS COURT PERSONALLY OR BY COUNSEL, AT SUCH TIME, OR PRIOR TO SUCH TIME, FILE WITH THIS COURT PLEADINGS IN RESPONSE TO THIS PETITION, WHICH IS HERE WITH SERVED UPON YOU, JUDGMENT BY DEFAULT WILL BE TAKEN AGAINST YOU FOR THE RELIEF DEMANDED IN THE PETITION. ANY PLEADINGS FILED WITH THIS COURT MUST ALSO BE SERVED. ON THE PLAINTIFF OR THE PLAINTIFFS ATTORNEY, WHO'S NAME AND ADDRESS APPEAR BELOW, PRIOR TO THE ABOVE TIME, AND YOUR RESPONSIVE PLEADINGS MAY STATE AS A COUNTERCLAIM ANY RELATED CLAIM YOU MAY HAVE AGAINST THE PLAINTIFF

PRO SE LITIGANT
Jimmy D. SETTLE
3125 WEST 44TH TERR
KANSAS CITY KANSA 66103
913 384 1266  stiffer9999@hotmail.com

REASONABLE ACCOMMODATIONS WILL BE
PROVIDED IN ACCORDANCE WITH THE
AMERICANS WITH DISABILITIES ACT



CLERK OF THE DISTRICT COURT OF WYANDOTTE COUNTY, KANSAS

DEPUTY CLERK   5/31/13

## RETURN OF SERVICE OF SUMMONS

I CERTIFY UNDER THE PENALTY OF PERJURY THAT THIS SUMMONS WAS SERVED on June     2013 BY CERTIFIED MAIL RETURN RECEIPT REQUESTED ON SIMON WINTERS 8875 AERO DRIVE # 200 SAN DIEGO CA 92123

SPECIAL PROCESS SERVICE

--------------------------------------
   BOB J SETTLE

IN THE DISTRICT COURT OF WYANDOTTE COUNTY, KANSAS

JIMMY D. SETTLE
3125 WEST 44TH TERR
KANSAS CITY KANSAS 66103

VS

STEVE MEADOWS
8875 AERO DRIVE # 200
San Diego Ca 92123



CASE NO BLM3391
DIV NO 12
DATE 7/1/13@9AM

## SUMMONS

STATE OF KANSAS WYANDOTTE COUNTY

YOU ARE HEREBY NOTIFIED THAT THE ACTION COMMENCED AGAINST YOU WILL BE ON THE COURT DOCKET AT 9:00 AM ON WEDNESDAY, July 1st 2013 IN THE WYANDOTTE COUNTY DISTRICT COURT KANSAS CITY KANSAS 66201 DIVISION-------------COURT HOUSE BASEMENT

SHOULD YOU EITHER FAIL TO APPEAR BEFORE THIS COURT PERSONALLY OR BY COUNSEL, AT SUCH TIME, OR PRIOR TO SUCH TIME, FILE WITH THIS COURT PLEADINGS IN RESPONSE TO THIS PETITION, WHICH IS HERE WITH SERVED UPON YOU, JUDGMENT BY DEFAULT WILL BE TAKEN AGAINST YOU FOR THE RELIEF DEMANDED IN THE PETITION, ANY PLEADINGS FILED WITH THIS COURT MUST ALSO BE SERVED ON THE PLAINTIFF OR THE PLAINTIFFS ATTORNEY, WHO'S NAME AND ADDRESS APPEAR BELOW, PRIOR TO THE ABOVE TIME, AND YOUR RESPONSIVE PLEADINGS MAY STATE AS A COUNTERCLAIM ANY RELATED CLAIM YOU MAY HAVE AGAINST THE PLAINTIFF

PRO SE LITIGANT
Jimmy D. SETTLE
3125 WEST 44TH TERR
KANSAS CITY KANSA 66103
913 384 1266  stiffer9999@hotmail.com

REASONABLE ACCOMMODATIONS WILL BE
PROVIDED IN ACCORDANCE WITH THE
AMERICANS WITH DISABILITIES ACT



CLERK OF THE DISTRICT COURT OF WYANDOTTE COUNTY, KANSAS

BY DEPUTY CLERK 5/31/13

## RETURN OF SERVICE OF SUMMONS

I CERTIFY UNDER THE PENALTY OF PERJURY THAT THIS SUMMONS WAS SERVED on June    2013 BY CERTIFIED MAIL RETURN RECEIPT REQUESTED ON STEVE MEADOWS 8875 AERO DRIVE # 200 SAN DIEGO CA 92123

SPECIAL PROCESS SERVICE

-----------------------------------------
BOB J SETTLE

IN THE DISTRICT COURT OF WYANDOTTE COUNTY, KANSAS

JIMMY D. SETTLE
3125 WEST 44TH TERR
KANSAS CITY KANSAS 66103

VS

KEVIN DOE
8875 AERO DRIVE # 200
San Diego Ca 92123

CASE NO 13 CM 339 |
DIV NO 2
DATE 7/1/13 @9AM

## SUMMONS

STATE OF KANSAS WYANDOTTE COUNTY

YOU ARE HEREBY NOTIFIED THAT THE ACTION COMMENCED AGAINST YOU WILL BE ON THE COURT DOCKET AT 9:00 AM ON WEDNESDAY, July 1st 2013 IN THE WYANDOTTE COUNTY DISTRICT COURT KANSAS CITY KANSAS 66201 DIVISION------------COURT HOUSE BASEMENT

SHOULD YOU EITHER FAIL TO APPEAR BEFORE THIS COURT PERSONALLY OR BY COUNSEL, AT SUCH TIME, OR PRIOR TO SUCH TIME, FILE WITH THIS COURT PLEADINGS IN RESPONSE TO THIS PETITION, WHICH IS HERE WITH SERVED UPON YOU, JUDGMENT BY DEFAULT WILL BE TAKEN AGAINST YOU FOR THE RELIEF DEMANDED IN THE PETITION, ANY PLEADINGS FILED WITH THIS COURT MUST ALSO BE SERVED ON THE PLAINTIFF OR THE PLAINTIFFS ATTORNEY, WHO'S NAME AND ADDRESS APPEAR BELOW, PRIOR TO THE ABOVE TIME, AND YOUR RESPONSIVE PLEADINGS MAY STATE AS A COUNTERCLAIM ANY RELATED CLAIM YOU MAY HAVE AGAINST THE PLAINTIFF

PRO SE LITIGANT
Jimmy D. SETTLE
3125 WEST 44TH TERR
KANSAS CITY KANSA 66103
913 384 1266   stiffer9999@hotmail.com



REASONABLE ACCOMMODATIONS WILL BE
PROVIDED IN ACCORDANCE WITH THE
AMERICANS WITH DISABILITIES ACT

CLERK OF THE DISTRICT COURT OF WYANDOTTE COUNTY, KANSAS

DEPUTY CLERK          5/31/13

## RETURN OF SERVICE OF SUMMONS

I CERTIFY UNDER THE PENALTY OF PERJURY THAT THIS SUMMONS WAS SERVED on June      2013 BY CERTIFIED MAIL RETURN RECEIPT REQUESTED ON KEVIN DOE, 8875 AERO DRIVE # 200 SAN DIEGO CA 92123

SPECIAL PROCESS SERVICE

----------------------------------------
    BOB J SETTLE

IN THE DISTRICT COURT OF WYANDOTTE COUNTY, KANSAS

JIMMY D. SETTLE
3125 WEST 44TH TERR
KANSAS CITY KANSAS 66103

VS

MARK DOE
8875 AERO DRIVE # 200
San Diego Ca 92123

CASE NO 13LM3391
DIV NO 12
DATE 7/1/13 @9Am

## SUMMONS

STATE OF KANSAS WYANDOTTE COUNTY

YOU ARE HEREBY NOTIFIED THAT THE ACTION COMMENCED AGAINST YOU WILL BE ON THE COURT DOCKET AT 9:00 AM ON WEDNESDAY, July 1st 2013 IN THE WYANDOTTE COUNTY DISTRICT COURT KANSAS CITY KANSAS 66201 DIVISION------------COURT HOUSE BASEMENT

SHOULD YOU EITHER FAIL TO APPEAR BEFORE THIS COURT PERSONALLY OR BY COUNSEL, AT SUCH TIME, OR PRIOR TO SUCH TIME, FILE WITH THIS COURT PLEADINGS IN RESPONSE TO THIS PETITION, WHICH IS HERE WITH SERVED UPON YOU, JUDGMENT BY DEFAULT WILL BE TAKEN AGAINST YOU FOR THE RELIEF DEMANDED IN THE PETITION, ANY PLEADINGS FILED WITH THIS COURT MUST ALSO BE SERVED ON THE PLAINTIFF OR THE PLAINTIFFS ATTORNEY, WHO'S NAME AND ADDRESS APPEAR BELOW, PRIOR TO THE ABOVE TIME, AND YOUR RESPONSIVE PLEADINGS MAY STATE AS A COUNTERCLAIM ANY RELATED CLAIM YOU MAY HAVE AGAINST THE PLAINTIFF

PRO SE LITIGANT
Jimmy D. SETTLE
3125 WEST 44TH TERR
KANSAS CITY KANSA 66103
913 384 1266 stiffer9999@hotmail.com



REASONABLE ACCOMMODATIONS WILL BE PROVIDED IN ACCORDANCE WITH THE AMERICANS WITH DISABILITIES ACT

CLERK OF THE DISTRICT COURT OF WYANDOTTE COUNTY, KANSAS

BY _____ DEPUTY CLERK   5/31/3

## RETURN OF SERVICE OF SUMMONS

I CERTIFY UNDER THE PENALTY OF PERJURY THAT THIS SUMMONS WAS SERVED on June _____ 2013 BY CERTIFIED MAIL RETURN RECEIPT REQUESTED ON MARK DOE, 8875 AERO DRIVE # 200 SAN DIEGO CA 92123

SPECIAL PROCESS SERVICE

------------------------------------------
    BOB J SETTLE

IN THE DISTRICT COURT OF WYANDOTTE COUNTY, KANSAS

JIMMY D. SETTLE
3125 WEST 44TH TERR
KANSAS CITY KANSAS 66103

VS

CAROL DOE
8875 AERO DRIVE # 200
San Diego Ca 92123

CASE NO 13LM3391
DIV NO 12
DATE 7/1/13 @9AM

## SUMMONS

STATE OF KANSAS WYANDOTTE COUNTY

YOU ARE HEREBY NOTIFIED THAT THE ACTION COMMENCED AGAINST YOU WILL BE ON THE COURT DOCKET AT 9:00 AM ON WEDNESDAY, July 1st 2013 IN THE WYANDOTTE COUNTY DISTRICT COURT KANSAS CITY KANSAS 66201 DIVISION-------------COURT HOUSE BASEMENT

SHOULD YOU EITHER FAIL TO APPEAR BEFORE THIS COURT PERSONALLY OR BY COUNSEL, AT SUCH TIME, OR PRIOR TO SUCH TIME, FILE WITH THIS COURT PLEADINGS IN RESPONSE TO THIS PETITION, WHICH IS HERE WITH SERVED UPON YOU, JUDGMENT BY DEFAULT WILL BE TAKEN AGAINST YOU FOR THE RELIEF DEMANDED IN THE PETITION. ANY PLEADINGS FILED WITH THIS COURT MUST ALSO BE SERVED ON THE PLAINTIFF OR THE PLAINTIFFS ATTORNEY, WHO'S NAME AND ADDRESS APPEAR BELOW, PRIOR TO THE ABOVE TIME. AND YOUR RESPONSIVE PLEADINGS MAY STATE AS A COUNTERCLAIM ANY RELATED CLAIM YOU MAY HAVE AGAINST THE PLAINTIFF

PRO SE LITIGANT
Jimmy D. SETTLE
3125 WEST 44TH TERR
KANSAS CITY KANSA 66103
913 384 1266   stiffer9999@hotmail.com

_____

REASONABLE ACCOMMODATIONS WILL BE
PROVIDED IN ACCORDANCE WITH THE
AMERICANS WITH DISABILITIES ACT

CLERK OF THE DISTRICT COURT OF WYANDOTTE COUNTY, KANSAS

DEPUTY CLERK   5/31/13

---------------------------------------------------------------------------------------

## RETURN OF SERVICE OF SUMMONS

I CERTIFY UNDER THE PENALTY OF PERJURY THAT THIS SUMMONS WAS SERVED on June     2013 BY CERTIFIED MAIL RETURN RECEIPT REQUESTED ON CAROL DOE, 8875 AERO DRIVE # 200 SAN DIEGO CA 92123

SPECIAL PROCESS SERVICE

-----------------------------------------
    BOB J SETTLE

## IN THE DISTRICT COURT OF WYANDOTTE COUNTY, KANSAS
## LIMITED ACTIONS DIVISION

FILED
2013 MAY 31· PM 1:2?
CLERK DISTRICT COURT
WYANDOTTE COUNTY KANSAS
BY

| | |
|---|---|
| JIMMY D.  SETTLE | ) |
|                  **Plaintiff** | ) |
| | ) |
| **V** | ) |
| | ) |
| **MIDLAND FUNDING LLC** | ) |
| **% REGISTERED AGENT CSC** | ) |
| **2711 CENTERVILLE RD# 400** | ) |
| **WILMINGTON DE 19808** | ) |
| **MIDLAND CREDIT MANAGEMENT INC** | ) |
| **% REGISTERED AGENT** | ) |
| **CORPORATION SERVICE COMPANY** | ) |
| **2900 SW WANAMAKER DRIVE # 204** | ) |
| **TOPEKA KANSAS 66614** | ) |
| **RAY SANCHES, RACHEL DOE, SIMON WINTERS,** | ) |
| **STEVE MEADOWS, KEVIN DOE, MARK DOE &** | ) |
| **CAROL DOE,** | ) |
| **All above named individuals acting on behalf** | ) |
| **of Defendant's Midland Funding LLC and/or** | ) |
| **MIDLAND CREDIT MANAGEMENT INC** | ) |
| **In their capacity as Agents, Servants, Officers,** | ) |
| **Shareholders, Debt Collector and/ or Employees** | ) |
| **8875 Aero Drive # 200** | ) |
| **San Diego Ca. 92123** | ) |
| | ) |
|                 **Defendants** | ) |

Case No 13LM2391
TRIAL DATE 7/1/?8 @9AM
DIVISION NO. 12
CHAPTER 61

## PETITION FOR DAMAGES

1. This is an action brought by an individual consumer, Jimmy D Settle (herein

   after referred to as plaintiff) alleging violations of the Fair Debt Collection

1

Practices Act 15 USC 1692 et seq (FDCPA) violations of the Fair Credit Reporting Act 15 USC 1681 et seq (FCRA) and the Kansas Consumer Protection Act (KCPA) against Midland Funding LLC a purchaser of bad debts (herein after referred to as MFLLC) Midland Credit Management Inc; a debt collector, (herein after referred to as (MCM), Ray Sanchez (herein after referred to as Sanchez), Rachel Doe (herein after referred to as Rachel) Simon Winters (herein after referred to as Winters) Steve Meadows, (herein after referred to as Meadows) Kevin Doe ( herein after referred to as Kevin) Mark Doe (herein after referred to as Mark) Carol Doe (herein after referred to as Carol) for violations of the Fair Debt Collection Practices Act (FDCPA) 15 USC 1692 et seq as amended, the Fair Credit Reporting Act (FCRA) 15 USC 1681 et seq, as amended, the Kansas Consumers Protection Act Chapter 50 Article 6 (KCPA) and other State law claims. The FDCPA, FCRA and the KCPA prevent debt collectors from engaging in abusive, deceptive and unfair collection practice.

2. Plaintiff at all relevant times is an individual adult consumer, not a business, organization, corporation or other entity within the meaning of the FDCPA as defined by 15 USC $1692a(3) and a citizen of the State of Kansas.

2

3. Defendants Sanchez, Rachel, Winters, Meadows, Kevin, Mark & Carol individually are natural persons, not a business, organization, corporation or other entity within the meaning of the FDCPA as defined by 15 USC 1692a (3) at all times stated herein were acting under the direct supervision and control of defendant's MFLLC and/or MCM as an agent, servant, officer, shareholder, debt collector and/or employee.

4. MFLLC purchases delinquent debts for pennies on the dollar in large amounts from financial institutions  involved in the extension of credit to consumers, MFLLC on May 14th 2012 that they purchased from the G.E. Money Bank an alleged debt that plaintiff owed in the amount of $1.852.42, MFLLC has made false statements that  MCM is the servicer of plaintiffs alleged delinquent account purchase by MFLLC.

5. The principal purpose of defendant MCM'S business is the collection of debts having been purchased by MFLLC, MCM by use of the mails and telephone within the meaning of the FDCPA as defined by 15 USC 1692a (6) Defendant MCM regularly collects or attempts to collect, directly or indirectly, debts owed or due or alleged to be owed to MFLLC in the collection of "debts" as defined by 15 USC1692a (5) in the State of Kansas.

6.  Defendant MFLLC is licensed, registered and in good standing with the
    Delaware Secretary of State.

7.  Defendant MCM is a registered company in good standing with the Kansas
    Secretary of State.

## JURISIDICTION AND VENUE

8.  Jurisdiction of this court arises under 15 USC 1692k(d) 15 USC 1681p and
    supplemental jurisdiction exists for state law claims pursuant to 28 USC
    $1367

9.  Venue lies properly in this court pursuant to 28 USC 1391(b) 15 USC 1681p
    Section $618

## COUNT I

### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT (FDCPA)
### 15 USC 1692 et seq:

### VIOLATIONS OF THE FAIR CREDIT REPORTING ACT 15 USC 1681 ET SEQ

Plaintiff reiterates and incorporates paragraphs one (1) thru nine (9) and
any/all unnumbered paragraphs and/or general paragraphs as if fully
restated herein;

10.  At all pertinent times hereto, Defendant MCM was acting not only on behalf
     of MFLLC but further acting by and through its agents, servants, officers,

4

shareholders, debt collectors and/or their employees who were acting within the scope and course of their employment, and under the direct supervision and control of defendants MFLLC and/or MCM, herein were hired to collect an alleged debt from the plaintiff with the exact amount unknown, MFLLC falsely alleges that this debt was originally owed to G.E. Money Bank, (BANK) the alleged debt was for money arising out of transaction(s) in which the money, property, insurance or services which are the subject of the transaction(s) were primarily for personal, family or household purposes, whether or not such obligation has been reduced to judgment, within the meaning of the FDCPA 15 USC 1692 (a)(5) Defendant MCM'S demand satisfies the statue's definition of 'DEBT relating to the G.E. Money Bank's account. (herein after the "debt")

11.  Defendant MCM on or about March 7th 2012, without a legitimate business purpose, obtained plaintiffs personal credit history [consumer report] as that term is defined by 15 USC$1681a(d)] from Trans-Union a national credit reporting agency without first certifying that the report requested was for the collection of a debt and further MCM failed to certify that any of the information obtained in the report would not be used for any other purpose,

therefore MCM within the meaning of the FCRA has violated 15 USC 1681b et seq

12.   MCM has never reported this alleged debt as disputed in full to the three major credit reporting agencies , therefore within the meaning of the FCRA MCM violated 15 USC 1681s-2 (3)

13.   MFLLC allege that they purchased this debt on May 14th 2012 from G.E. Money Bank, yet MCM illegally and unlawfully obtained Plaintiffs consumer report over two (2) months prior to MFLLC having purchased the alleged debt, MFLLC'S & MCM'S illegal and unlawful act within the meaning of 15 USC 1681b violated Section $604 (a)(3)(e)

14.   Defendant MCM'S recovery department on or about June 1st 2012 deposited in the United States Mail an unsigned collection (dun) letter addressed to the plaintiff, this initial correspondence (dun) letter alleged that plaintiff had a current balance of $1,852.42 with MFLLC, MCM'S dun letter failed to state that the current balance of $1,852.42 was only the principal balance and that no other unauthorized, unexplained, unlawful, undocumented chargers had been added to and were included in the current amount due of $1,852.42 MCM'S dun letter had one intent and purpose, to frighten, scare and intimidate plaintiff into paying a debt that had never been validated and/or

documented that plaintiff legally and lawfully owed the alleged debt,

therefore within the meaning of the FDCPA 15 USC 1692e MCM has violated

Section $807(2)

15.   MCM'S  dun letter set forth in large bold capital letters in bold face type

within a box a ` "Notice Of New Ownership and Pre-legal Review" and

Midland Funding L.L.C. (MFLLC) had purchased plaintiffs alleged account from

the "Bank" and

MCM was the servicer of the obligation and

"<u>MCM is considering forwarding this account to an attorney in your state for</u>

<u>possible litigation, HOWEVER SUCH FORWARDING WILL NOT OCCUR until</u>

<u>after the expiration of the time period described on the back of the letter</u>"

Further "upon receipt of this notice, please call to discuss your options, if we

don't hear from you or receive payment by July 16th 2012 we may proceed

with forwarding this account to an attorney" this dun letter would  give the

average consumer the fear that they were about to be hauled into a court of

law and be sue for the alleged debt.

16.  MCM'S initial dun letter of June 1st 2012 alleged that plaintiff had a current

balance due on July 16th 2012 in the amount of $1,852.42 and that <u>interest</u>

<u>at the rate of 10% would be added to the previous balance.</u>  MCM'S dun

letter provided plaintiff two (2) opportunities of "stopping this process from continuing  (1) mail in  $300.00 and set up remaining payments"  (2) call " MCM to-day to see how you qualify for discounts and payment plans"

17. MCM'S dun letter of June 1st 2012 warns further that "if the account goes to an attorney, our flexible options may no longer be available to you. There still is an opportunity to make arrangements with us, we encourage you to call us today; (800) 265 8825

18. Plaintiff timely on June 7th 2012 in writing disputed this alleged debt in full.

19. Winters on June 18th 2012 in a recorded telephone communication with the plaintiff attempted to collect an alleged debt in the amount of $2,027.00, Winters explained that interest in the amount of $174.58 was added to the alleged original balance of $1,852.42. "The collection or attempt to collect any amount (including interest) unless the amount is expressly authorized by the agreement creating the debt or permitted by law"  therefore Winters within the meaning of the FDCPA 15 USC 1692c violated Section 805(c) and 15 USC 1692f Winters further violated Section $808(1)

20. Rachael on June 19th 2012 in a recorded telephone communication with the plaintiff verified that MCM had received plaintiff's notice of dispute yet prior

8

to MCM complying and validating the debt Rachael attempted to collect the alleged debt, Rachael within the meaning of the FDCPA 15 USC 1692c violated Section $805(c)

21. Rachael on June 19th 2012 in a recorded second telephone communication informed the plaintiff that this account was in pre-legal, the account was accruing interest and **THAT THE ACCOUNT HAD BEEN SENT TO A LAWYER,** Rachael's acts within the meaning of the FDCPA 15 USC 1692e violated Section $ 807(2)(5)(10) and 15 USC 1692c Section $ 805(c)

22. Meadows on July 6th 2012 in a recorded telephone communication with the plaintiff after informing the plaintiff that MCM had received plaintiff's dispute attempted to collect the alleged debt prior to the validation of the alleged debt, Meadows acts within the meaning of the FDCPA 15 USC 1692c Violated Section $805(c)

23. Kevin on July 26th 2012 in a recorded telephone communication with the plaintiff made an attempt to collect $2,027.00; Kevin advised the plaintiff that the alleged debt was accruing interest on a monthly basis, Kevin within the meaning of the FDCPA 15 USC 1692c violated Section 805(c)

9

24. Sanchez on July 26th 2012 in a recorded telephone communication with the plaintiff verified that MCM had received plaintiff's dispute of the alleged debt that was purchased on May 14th 2012 from the bank and Sanchez attempted to collect the alleged debt from the plaintiff, Sanchez within the meaning of the FDCPA 15 USC 1692c violated Section $805(c)

25. Kevin on August 13th 2012 in a recorded telephone communication verified that MCM had received plaintiff's notice that the entire debt was disputed yet Kevin still made an attempt to collect the alleged debt in the amount of $2,027.00 from the plaintiff, Kevin within the meaning of the FDCPA 15 USC 1692c violated Section $ 805(c)

26. Mark on August 15th 2012 in a recorded telephone communication verified that MCM had received plaintiff's notice that the entire debt was disputed, yet Kevin still attempted to collect the alleged debt, Kevin within the meaning of the FDCPA 15 USC 1692c violated Section 805(c)

27. MCM consumer support services on November 2nd 2012 in a three (3) page fax advised plaintiff that " **BASED ON THE INFORMATION SUPPLIED TO US, MCM HAS NOTIFIED THE THREE MAJOR CREDIT REPORTING AGENCIES TO**

**DELETE ANY REFERENCE TO THE MIDLAND ACCOUNT TO YOUR CREDIT FILE"**

28. MCM consumer support services on November 26th 2012 & again on April 3rd 2012 in an unsigned  written correspondence informed the plaintiff **"BASED ON THE INFORMATION PROVIDED TO US, WE HAVE INSTRUCTED THE THREE (3( MAJOR CREDIT REPORTING AGENCIES TO DELETE THE ABOVE REFERENCED MCM ACCOUNT FROM YOUR CREDIT FILE"**

29. Austin Smith in a telephone communication with the plaintiff on April 3rd 2013 informed the plaintiff that on March 21st 2013 that plaintiffs credit collection file had been deleted by MCM.

30. MCM acted in a false. fraudulent, deceptive, misleading and unfair manner by misrepresenting the amount, character and/or legal status of the debt within the meaning of the FDCPA 15 USC 1692e and therefore their acts have violated Section $807(2)(a) further defendant MCM has engaged in unfair practices within the meaning of 15 USC 1692f and has therefore violated Section $808 (1), as the result of defendant MCM'S conduct described above, plaintiff has suffered actual damages in the form of

11

(a) out of pocket expenses (b) lost credit opportunities (c) harm to credit reputation and credit score and (d) emotional distress. .

31. Defendant MCM'S dun letter options are confusing to an unsophisticated consumer, the dun letter within the meaning of FDCPA 15 USC 1692g violated Section $809, this section requires, obligates and mandates the debt collector to refrain from confusing the debtor by undercutting the required notice or implying a different obligation of the debtor, the FDCPA protects all consumers, the "gullible and naive as well as the shrewd;

All of the above named Defendants have illegal, unlawfully, fraudulently and falsely misrepresented the character, amount, and/or legal status of the alleged debt, therefore within the meaning of the FDCPA 15 USC 1692 et seq have violated Sections, $805,  $807, $808 & $809, and therefore within the meaning of FDCPA 15 USC 1692k have committed a civil liability within the meaning of  Section $813(a)(1)(2)  all of the individual defendants acts, as alleged in this petition were done under the direction, supervision and control of defendants  MFLLC & MCM

Defendant MFLLC & MCM'S acts as described above, as well as their agents, servants, shareholders, officers, debt collectors and/or employees were

committed maliciously, intentionally, willfully, recklessly and negligently in total disregard for plaintiffs rights under federal and state law with the purpose of coercing plaintiff to pay the alleged unverified an undocumented debt.

Plaintiff, based upon the facts stated above seeks a declaratory judgment that defendants conduct/practices have violated the FDCPA, FCRA and the Kansas Consumer Protection Act and therefore the plaintiff is entitled legally and lawfully to obtain from the defendants actual damages, statutory individual damages.

Wherefore the reasons set forth above the plaintiff prays for judgment in all count in an amount to be determined at trial against Midland Funding L.L.C, Midland Credit Management Inc, Ray Sanches, Rachael Doe, Simon Winters, Steve Meadows, Kevin Doe, Mark Doe and Carol Doeup to but not execeedin Five Thousand Dollars ($5,000.00) each defendant, plaintiff further prays for his costs, expenses and any other relief that the court deems just, fair and proper.

Demand for Jury Trial
Kansas City Kansas.

Respectfully Submitted;
Jimmy D. Settle
3125 West 44th Terr
Kansas City Kansas 66103
913 384 1266
stiffer9999@hotmail.com

13

JS 44 (Rev. 12/12)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.   *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

**I. (a) PLAINTIFFS**

JIMMY D. SETTLE

**(b)** County of Residence of First Listed Plaintiff
*(EXCEPT IN U.S. PLAINTIFF CASES)*
WYANDOTTE COUNTY, KANSAS

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*

PRO SE

**DEFENDANTS** MIDLAND FUNDING, LLC,
MIDLAND CREDIT MANAGEMENT, INC.,
RAY SANCHES, RACHEL DOE, SIMON WINTERS,
STEVE MEADOWS, KEVIN DOE, MARK DOE AND
County of Residence of First Listed Defendant  CAROL DOE
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF
THE TRACT OF LAND INVOLVED.

Attorneys *(If Known)*

THOMAS M. MARTIN, KS#13620
DANIEL R. LUPPINO, KS#25354

**II. BASIS OF JURISDICTION** *(Place an "X" in One Box Only)*

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question *(U.S. Government Not a Party)*
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity *(Indicate Citizenship of Parties in Item III)*

**III. CITIZENSHIP OF PRINCIPAL PARTIES** *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. NATURE OF SUIT** *(Place an "X" in One Box Only)*

**CONTRACT**
- ☐ 110 Insurance
- ☐ 120 Marine
- ☐ 130 Miller Act
- ☐ 140 Negotiable Instrument
- ☐ 150 Recovery of Overpayment & Enforcement of Judgment
- ☐ 151 Medicare Act
- ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans)
- ☐ 153 Recovery of Overpayment of Veteran's Benefits
- ☐ 160 Stockholders' Suits
- ☐ 190 Other Contract
- ☐ 195 Contract Product Liability
- ☐ 196 Franchise

**REAL PROPERTY**
- ☐ 210 Land Condemnation
- ☐ 220 Foreclosure
- ☐ 230 Rent Lease & Ejectment
- ☐ 240 Torts to Land
- ☐ 245 Tort Product Liability
- ☐ 290 All Other Real Property

**TORTS**

PERSONAL INJURY
- ☐ 310 Airplane
- ☐ 315 Airplane Product Liability
- ☐ 320 Assault, Libel & Slander
- ☐ 330 Federal Employers' Liability
- ☐ 340 Marine
- ☐ 345 Marine Product Liability
- ☐ 350 Motor Vehicle
- ☐ 355 Motor Vehicle Product Liability
- ☐ 360 Other Personal Injury
- ☐ 362 Personal Injury - Medical Malpractice

PERSONAL INJURY
- ☐ 365 Personal Injury - Product Liability
- ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability
- ☐ 368 Asbestos Personal Injury Product Liability

PERSONAL PROPERTY
- ☐ 370 Other Fraud
- ☐ 371 Truth in Lending
- ☐ 380 Other Personal Property Damage
- ☐ 385 Property Damage Product Liability

**CIVIL RIGHTS**
- ☐ 440 Other Civil Rights
- ☐ 441 Voting
- ☐ 442 Employment
- ☐ 443 Housing/ Accommodations
- ☐ 445 Amer. w/Disabilities - Employment
- ☐ 446 Amer. w/Disabilities - Other
- ☐ 448 Education

**PRISONER PETITIONS**
Habeas Corpus:
- ☐ 463 Alien Detainee
- ☐ 510 Motions to Vacate Sentence
- ☐ 530 General
- ☐ 535 Death Penalty
Other:
- ☐ 540 Mandamus & Other
- ☐ 550 Civil Rights
- ☐ 555 Prison Condition
- ☐ 560 Civil Detainee - Conditions of Confinement

**FORFEITURE/PENALTY**
- ☐ 625 Drug Related Seizure of Property 21 USC 881
- ☐ 690 Other

**LABOR**
- ☐ 710 Fair Labor Standards Act
- ☐ 720 Labor/Management Relations
- ☐ 740 Railway Labor Act
- ☐ 751 Family and Medical Leave Act
- ☐ 790 Other Labor Litigation
- ☐ 791 Employee Retirement Income Security Act

**IMMIGRATION**
- ☐ 462 Naturalization Application
- ☐ 465 Other Immigration Actions

**BANKRUPTCY**
- ☐ 422 Appeal 28 USC 158
- ☐ 423 Withdrawal 28 USC 157

**PROPERTY RIGHTS**
- ☐ 820 Copyrights
- ☐ 830 Patent
- ☐ 840 Trademark

**SOCIAL SECURITY**
- ☐ 861 HIA (1395ff)
- ☐ 862 Black Lung (923)
- ☐ 863 DIWC/DIWW (405(g))
- ☐ 864 SSID Title XVI
- ☐ 865 RSI (405(g))

**FEDERAL TAX SUITS**
- ☐ 870 Taxes (U.S. Plaintiff or Defendant)
- ☐ 871 IRS—Third Party 26 USC 7609

**OTHER STATUTES**
- ☐ 375 False Claims Act
- ☐ 400 State Reapportionment
- ☐ 410 Antitrust
- ☐ 430 Banks and Banking
- ☐ 450 Commerce
- ☐ 460 Deportation
- ☐ 470 Racketeer Influenced and Corrupt Organizations
- ☒ 480 Consumer Credit
- ☐ 490 Cable/Sat TV
- ☐ 850 Securities/Commodities/ Exchange
- ☐ 890 Other Statutory Actions
- ☐ 891 Agricultural Acts
- ☐ 893 Environmental Matters
- ☐ 895 Freedom of Information Act
- ☐ 896 Arbitration
- ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision
- ☐ 950 Constitutionality of State Statutes

**V. ORIGIN** *(Place an "X" in One Box Only)*

- ☐ 1 Original Proceeding
- ☒ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from Another District *(specify)*
- ☐ 6 Multidistrict Litigation

**VI. CAUSE OF ACTION**
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
U.S. CIVIL STATUTE 15 U.S.C. 1692
Brief description of cause:
FAIR DEBT COLLECTION PRACTICES ACT

**VII. REQUESTED IN COMPLAINT:**
☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.
DEMAND $
CHECK YES only if demanded in complaint:
JURY DEMAND:   ☒ Yes   ☐ No

**VIII. RELATED CASE(S) IF ANY**   *(See instructions):*
JUDGE                               DOCKET NUMBER

DATE                                SIGNATURE OF ATTORNEY OF RECORD

FOR OFFICE USE ONLY

RECEIPT #          AMOUNT          APPLYING IFP          JUDGE

EXHIBIT
B