**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS**

| | |
|---|---|
| JIMMY D. SETTLE, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>MIDLAND FUNDING, LLC, et al., )<br>)<br>Defendants. ) | Case No. 2:13-cv-02308-JTM-GLR |

**DEFENDANTS MIDLAND FUNDING, LCC, MIDLAND CREDIT MANAGEMENT, INC., RAY SANCHES, RACHEL DOE, SIMON WINTERS, STEVE MEADOWS, KEVIN DOE, MARK DOE AND CAROL DOE'S COMBINED OPPOSITION TO PLAINTIFF'S MOTION TO STRIKE DEFENDANTS' ANSWER AND MOTION FOR LEAVE TO FILE ANSWER OUT OF TIME**

COME NOW Defendants Midland Funding, LLC ("Midland"), Midland Credit Management, Inc. ("MCM"), Ray Sanches, Rachel Doe, Simon Winters, Steve Meadows, Kevin Doe, Mark Doe and Carol Doe (collectively, the "Defendants"), and for their Combined Opposition to Plaintiff's Motion to Strike Defendants' Answer and Motion for Leave to File an Answer Out of Time, respectfully advise the Court as follows:

1. Plaintiff Jimmy D. Settle ("Plaintiff") served Defendants with a copy of his petition filed in the District Court of Wyandotte County, Kansas, limited actions division on June 4, 2013, and Defendants timely removed the action to this Court on June 24, 2013. (ECF Doc. 1).

2. As Plaintiff's Motion notes, Fed. R. Civ. P. 81(c) requires that a removing Defendant who has not yet answered must file its answer within the greater of 21 days after being served with or otherwise receiving a copy of the complaint or 7 days after filing the notice

of removal. Defendants concede that pursuant to this rule, their Answer or other responsive pleading was due July 1, 2013.

3. Because of a miscommunication among undersigned counsel, the answer date was incorrectly calendared and Defendants filed their Answer on July 5, 2013. (ECF Doc. 5). This filing, if the national holiday on July 4 is excluded, was three days out of time.

4. In the intervening days between July 1 and July 5, Plaintiff did not take any action related to Defendants' filing of an answer or otherwise. Plaintiff's Motion was filed on July 5 after Defendants had filed their Answer.

5. Plaintiff is not asking this Court to merely strike an untimely motion or brief, but rather to strike an answer to a complaint. In essence, Plaintiff is asking this Court to effectively grant him default judgment against Defendants after they have answered based upon a brief and innocuous delay in filing that answer. To that end, Plaintiff on July 8, 2013, filed a Motion for Summary Judgment based solely upon the fact that Defendants filed their Answer out of time. (ECF Docs. 7-8). The Motion for Summary Judgment is made without the necessary supporting evidence and comes before any discovery has been conducted in the case. Again, it appears that what Plaintiff is really seeking is a default judgment.[1]

6. Defendants' research has not revealed any case in which this Court struck a defendant's answer, precluded a defendant from answering out of time, or refused to set aside a default judgment when the answer was filed less than one week after it was due and there was no prejudice to plaintiff caused by the delay in filing.

---

[1] This analysis is not intended as Defendants' only response to the Motion for Summary Judgment. Defendants will separately file a formal opposition to the Motion for Summary Judgment within the 21 days to do so under Local Rule 6.1(d)(2). If, however, the Court grants Defendants' Motion for Leave to File an Answer Out of Time before Defendants file their opposition, Defendants request the Court deny Plaintiff's Motion for Summary Judgment as moot.

7.      Granting Plaintiff the requested relief under these facts would be inappropriate because "[t]he preferred disposition of any case is upon its merits and not by default judgment." *Ledbetter v. Kansas Dept. of Social And Rehabilitative Servs.*, No. CIV.A.99–2261–KHV, 2000 WL 206208 at *1 (D. Kan. Jan. 3, 2000) (internal quotations omitted).

8.      The standard for setting aside a default or default judgment under Fed. R. Civ. P. 55(c) is a showing of "good cause."  The Court generally considers three factors when determining whether good cause exists: "(1) whether the default was the result of culpable conduct of the defendant, (2) whether plaintiff would be prejudiced if the default should be set aside, and (3) whether the defendant presented a meritorious defense."  *Hunt v. Ford Motor Co.*, No. 94-3054, 1995 WL 523646 at *3 (10th Cir. 1995).  Even if Plaintiff had obtained a default against Defendants before Defendants had answered – which he did not attempt to do – there would be good cause for the Court to set aside the default and allow Defendants to file their Answer.  For the same reasons, Plaintiff should not now be granted the default judgment he is effectively seeking.

9.      There has not been – and Plaintiff's Motion does not allege – any prejudice to Plaintiff caused by Defendants' three-day delay in filing their Answer.  Further, this delay was not the result of culpable or bad faith conduct on the part of Defendants, but rather a clerical error on the part of counsel acting in good faith.  Defendants have also filed their Answer with the clear intention to present a meritorious defense to Plaintiff's claims.  Each of these factors would be grounds to set aside a default had one been entered.  *See Ledbetter* at * 1-3 (setting aside a default when the defendant filed an answer approximately one month late because of a mistaken belief that service was ineffective).  Because Plaintiff is effectively seeking a default that would be set aside, the Court should deny Plaintiff's Motion to Strike Defendants' Answer.

10. In conjunction with its denial of Plaintiff's motion to strike, the Court should grant Defendants' motion for leave to file their Answer out of time pursuant to Fed. R. Civ. P. 6(b). For purposes of this motion, Defendants attach a copy of their previously-filed Answer as **Exhibit A**.

11. As explained above, Defendants' Answer is untimely due to a miscommunication among undersigned counsel resulting in the answer date being calendared incorrectly. The delay in answering was three days plus a national holiday, the delay has caused no prejudice to Plaintiff, and Defendants acted in good faith in filing their Answer. Based on these factors, Defendants' untimely filing was the result of excusable neglect and Defendants should be permitted to file their Answer out of time. *See, e.g.*, *Patel v. Reddy*, No. 10-2403-JTM, 2010 WL 4115398 at *2 (D. Kan. Oct. 19, 2010) (analyzing these factors and permitting defendants to file an answer more than one month out of time when counsel misplaced the summons in a stack of documents and the "error was clerical and not an intentional neglect of the deadline."); *White v. O'Dell Indus., Inc.*, No. 99-2315-JWL, 2000 WL 127267 at *2 (D. Kan. Jan. 14, 2000) (granting the plaintiffs leave to file a response out of time when the response was delayed until three days after the Court had issued a show cause order because "a miscommunication occurred within the office of plaintiffs' counsel and . . . plaintiffs' counsel was unfamiliar with the court's local rules.").

WHEREFORE, Defendants respectfully request the Court deny Plaintiff's Motion to Strike Defendants' Answer and grant Defendants' Motion for Leave to File an Answer Out of Time.

Respectfully Submitted,

By: ___/s/ Thomas M. Martin_____
    Thomas M. Martin    KS# 13620
    Scott A. Wissel      KS# 18589
    Daniel R. Luppino   KS #25354
    1010 Walnut, Suite 500
    Kansas City, Missouri 64106
    (816) 421-2500 (telephone)
    (816) 472-2500 (facsimile)
    tmmartin@lrf-kc.com
    sawissel@lrf-kc.com
    drluppino@lrf-kc.com

ATTORNEYS FOR DEFENDANTS

**CERTIFICATE OF SERVICE**

I certify that on this 9th day of July, 2013, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, and I hereby certify that I have mailed the document by first class mail, postage prepaid, to the following:

Jimmy D. Settle
3125 West 44th Terr.
Kansas City, KS 66103
PLAINTIFF

    __/s/_Thomas M. Martin_____
        Attorney for Defendant